IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-85-GF-BMM-JTJ |
| Plaintiff, | **AMENDED FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| DAVID LEE ARMITAGE, | |
| Defendant. | |

## I. Synopsis

Defendant David Lee Armitage (Armitage) has been accused of violating the conditions of his supervised release. Armitage admitted all of the alleged violations, except one. Armitage denied alleged violation 6. The government did not attempt to prove alleged violation 6. Armitage's supervised release should be revoked. Armitage should be placed in custody for 3 months, with 21 months of supervised release to follow. Armitage should serve the first 60 days of supervised release in an inpatient substance abuse treatment facility.

## II. Status

Armitage pleaded guilty to Possession of an Unregistered Firearm on April 26, 2016. (Doc. 23). The Court sentenced Armitage to 37 months of

custody, followed by 2 years of supervised release. (Doc. 30). Armitage's current term of supervised release began on February 12, 2019. (Doc. 45 at 1).

**Petition**

The United States Probation Office filed a Third Amended Petition on November 25, 2019, requesting that the Court revoke Armitage's supervised release. (Doc. 45). The Third Amended Petition alleges that Armitage violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; 2) by failing to report for substance abuse testing; 3) by using methamphetamine; 4) by using marijuana; and 5) by failing to notify his probation officer of a change in his living arrangements. (Doc. 45 at 2-3).

**Initial appearance**

Armitage appeared before the undersigned for his initial appearance on the Third Amended Petition on December 4, 2019. Armitage was represented by counsel. Armitage stated that he had read the petition and that he understood the allegations. Armitage waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 4, 2019. Armitage admitted that he had violated the conditions of his supervised release: 1) by failing

to report for substance abuse treatment; 2) by failing to report for substance abuse testing; 3) by using methamphetamine; and 4) by using marijuana. Armitage denied alleged violation 6. The government did not attempt to prove alleged violation 6. The violations that Armitage admitted are serious and warrant revocation of Armitage's supervised release.

Armitage's violations are Grade C violations. Armitage's criminal history category is V. Armitage's underlying offense is a Class C felony. Armitage could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Armitage's supervised release should be revoked. Armitage should be incarcerated for 3 months, with 21 months of supervised release to follow. Armitage should serve the first 60 days of supervised release in an inpatient substance abuse treatment facility. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Armitage that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Armitage of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Armitage that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Armitage stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That David Lee Armitage violated the conditions of his supervised release: by failing to report for substance abuse treatment; by failing to report for substance abuse testing; by using methamphetamine; and by using marijuana.

The Court **RECOMMENDS**:

> That the District Court revoke Armitage's supervised release and commit Armitage to the custody of the United States Bureau of Prisons for 3 months, with 21 months of supervised release to follow. Armitage should serve the first 60 days of supervised release in an inpatient substance abuse treatment facility.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of December, 2019.

John Johnston
United States Magistrate Judge